IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:08CR139 |
| | ) | |
| Plaintiff, | ) | JUDGE: SOLOMON OLIVER |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| KYUNG J. KIM | ) | DEFENDANT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes Defendant, Kyung J. Kim, by and through counsel, and herein submits the within Sentencing Memorandum, and further incorporates and affirms his previously-stated agreement with the factual basis and sentencing recommendations set forth in the Plea Agreement entered into by and between the United States and the Defendant.

Respectfully submitted.

  /s/   Richard G. Lillie                              .
RICHARD G. LILLIE (390023744)
75 Public Square, Suite 1313
Cleveland, Ohio 44113-2001
Telephone: 216-861-1313
Facsimile: 216-861-1314
rlillie@bfca.com

1

**MEMORANDUM**

I. <u>**INTRODUCTION**</u>

The circumstances underlying the charges against the Defendant here are unique and the case itself is outside the heartland of similar cases. In this case, the Defendant's extreme <u>remorse</u> for his misconduct, his <u>complete cooperation</u> with the investigation of the FBI from day one, his complete <u>acceptance of responsibility</u>, and his intention to make full restitution to the victim, warrant this court's careful review and consideration prior to its issuance of a sentence. Defendant respectfully submits the following law and argument in support of his request for a minimal sentence outside his plea agreement.

With the United States Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and, the consequent relegation of the Guidelines to an *advisory* – and no longer *mandatory* – status, the ability of sentencing courts to use their own independent reasoning, judgment, reflection, and consideration of all facts and circumstances underlying the offense conduct has been restored.

Accordingly, the Defendant respectfully requests that the court take into consideration the following facts.

II. <u>**BACKGROUND**</u>

Mr. Kim was born on September 20, 1945 in Pusan, Korea, the third of five children. His father died when he was about a year old, and his mother was forced to raise the family under dire and harrowing conditions, including the period of the Korean War. Mr. Kim's family was truly destitute; they were refugees. As noted previously in counsel's objections to the pre-sentence report, his father was dead, there were five children to be cared for, and the family had to move from village to village while his mother sold goods from a push-cart. In most third

world countries, a push cart seller is one socio-economic step above the lowest rung in the socio-economic ladder: a beggar.

Again, I ask the court now to put Mr. Kim's accomplishments in perspective – someone who traveled the universe from an international refugee to a Ph. D. in Physics practicing in the United States – one might consider the analogue of a person from Cleveland, who begins life sleeping under the Detroit-Superior Bridge, and then through sheer dint of extraordinary effort, later graduates from Yale.

As Mr. Kim's statement (Paragraph 31, PSR) makes clear, he was driven to commit the charged offenses not merely out of greed, but out of a deep feeling of failure; failure at not reaching a more distinguished level within his company; Failure at not being respected at his company (it pained him that no one ever addressed him as Dr. Kim at his company); and, the failure of his marriage. While none of this is meant to minimize Mr. Kim's actions, it makes it clear that he was not driven by simply by avarice.

Both before information was filed in this case, and more particularly since the information was filed, Mr. Kim has been active in and has devoted himself to his church ministry. He hopes to continue his volunteer work in this area after this matter reaches its final conclusion.

### III.  APPLICABLE LAW

Defendant Kyung J. Kim submits that he is an ideal candidate for a sentence at the low end of the sentencing range, and further notes that such a sentence would meet the criteria established under 18 USC Section 3553 of the United States Code.

Title 18 United States Code, Section 3553 provides the following:

> 18 USC section 3553 Imposition of a sentence

(a) Factors To Be Considered in Imposing a Sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider

(1) the nature and circumstances of the offense and the characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offence, to promote respect for the law, and to provide just punishment for the offense

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offence committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28 United States Code;

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(A)(3)

(6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and

>            (7) the need to provide restitution to any victims of the
>            offense.

## IV. <u>COOPERATION</u>

It bears repeating, that Mr. Kim engaged in an extraordinary level of cooperation upon being confronted by federal agents. He worked with them repeatedly, meeting with numerous agents and company personnel prior to the information being filed, and since the information was filed, and he will continue to speak with or testify on behalf of the Government whenever called upon to do so.

## <u>CONCLUSION</u>

Defendant now finds himself at the most critical point in his life, and respectfully begs the Court's mercy.

Respectfully submitted.

  /s/   Richard G. Lillie                              .
RICHARD G. LILLIE (390023744)
75 Public Square, Suite 1313
Cleveland, Ohio 44113-2011
Telephone: 216-861-1313
Facsimile: 216-861-1314
lillie13@sbcglobal.net

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2008, the foregoing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Richard G. Lillie